**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John R. Bacon, | ) | No. CV 08-1673-PHX-GMS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Sheriff's Office, et al., | ) | |
| Defendants. | ) | |

Plaintiff John R. Bacon, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief

**JDDL-K**

against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

### III. Complaint

Plaintiff names the following Defendants in the Complaint: (1) Maricopa County Sheriff's Office; (2) Maricopa County Sheriff's Office Medical; (3) Maricopa County Sheriff's Detention Officers; (4) Doe, Registered Nurse; (5) Doe, Medical Doctor; and (6) Doe, Licenced Practical Nurse.

Plaintiff raises three grounds for relief in the Complaint: (1) Plaintiff's Eighth Amendment rights have been violated because he has not received adequate treatment for his cancer and heart problems; (2) Plaintiff has been denied his "right to fair and proper medical care"; and (3) when Plaintiff did see a doctor, the doctor said that Plaintiff was fine and failed to properly diagnose him. Plaintiff seeks injunctive relief and money damages.

### IV. Failure to State a Claim

#### A. Defendants

The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the

1  responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
2  See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is simply
3  an administrative creation of the county sheriff to allow him to carry out his statutory
4  duties, and not a "person" amenable to suit pursuant to § 1983. Therefore, the Maricopa
5  County Sheriff's Office is an improper Defendant.

6  Further, to the extent that Plaintiff intends "Medical" to refer to Maricopa County
7  Correctional Health Services, Plaintiff has not alleged facts sufficient to state a claim.
8  Correctional Health Services is an agency of Maricopa County. A § 1983 claim against a
9  municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends
10 that the municipal defendant maintains a policy or custom pertinent to the plaintiff's
11 alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.
12 Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a
13 municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has not alleged that
14 his injuries occurred as a result of a policy of the Maricopa County or Maricopa County
15 Correctional Health Services.

16 Finally, the use of John or Jane Doe-type appellations to identify defendants is not
17 favored, and as a practical matter, it is in most instances impossible for the United States
18 Marshal to serve a summons and complaint upon an unidentified defendant. In any
19 amended complaint, Plaintiff must provide some identifying information for the
20 Defendants he names.

21 **B.     Failure to Link Injuries with Defendants**

22 To state a valid claim under § 1983, plaintiffs must allege that they suffered a
23 specific injury as a result of specific conduct of a defendant and show an affirmative link
24 between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362,
25 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights
26 complainant must allege that the official personally participated in the constitutional
27 deprivation or that a supervisory official was aware of widespread abuses and with
28 deliberate indifference to the inmate's constitutional rights, failed to take action to

JDDL-K

- 3 -

1  prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see
2  Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).
3  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
4  position as the supervisor of persons who allegedly violated Plaintiff's constitutional
5  rights does not impose liability. Monell, 436 U.S. 658; Hamilton v. Endell, 981 F.2d
6  1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

7      Plaintiff has failed to adequately link any of his alleged injuries with the named
8  Defendants.

9      **C.    Eighth Amendment Medical Claims**

10      To maintain a claim under the Eighth and Fourteenth Amendments based on prison
11  medical treatment, a prisoner must show deliberate indifference to serious medical needs.
12  Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison
13  official must both know of and disregard an excessive risk to inmate health. Farmer v.
14  Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which
15  the inference could be drawn that a substantial risk of serious harm exists and he must
16  also draw the inference. Id. This subjective approach focuses upon the mental attitude of
17  the defendant. Id. at 839.

18      "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d
19  1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown
20  by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need
21  and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
22  2006) (citing Estelle, 429 U.S. at 104). The harm need not be substantial. Id. (citing
23  Estelle, 429 U.S. at 104).

24      Medical malpractice or negligence is insufficient to establish a violation. Toguchi,
25  391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not
26  violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure
27  to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett,
28  429 F.3d at 1096. A difference in medical opinion also does not amount to deliberate

1 indifference.  <u>Toguchi</u>, 391 F.3d at 1058.  To prevail on a claim involving choices
2 between alternative courses of treatment, a prisoner must show that the chosen course was
3 medically unacceptable under the circumstances and was chosen in conscious disregard
4 of an excessive risk to the prisoner's health.  <u>Id.</u>

5 In this case, Plaintiff has failed to allege facts sufficient to demonstrate deliberate
6 indifference to his serious medical needs because he has not identified specific
7 individuals responsible for providing medical care who were both aware of a serious risk
8 of harm to Plaintiff's health  and  failed to act appropriately.  Accordingly, Plaintiff's
9 allegations fail to state an Eighth Amendment medical claim.

10 **V.     Leave to Amend**

11 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
12 state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a
13 first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will
14 mail Plaintiff a court-approved form to use for filing a first amended complaint.  If
15 Plaintiff fails to use the court-approved form, the Court may strike the amended
16 complaint and dismiss this action without further notice to Plaintiff.

17 In any amended complaint, Plaintiff must write short, plain statements telling the
18 Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the
19 Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4)
20 how the action or inaction of that Defendant is connected to the violation of Plaintiff's
21 constitutional right; and (5) what specific injury Plaintiff suffered because of that
22 Defendant's conduct.  <u>Rizzo</u>, 423 U.S. at 371-72, 377.

23 Plaintiff must repeat this process for each person he names as a Defendant.  If
24 Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
25 injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for
26 failure to state a claim.  Further, Plaintiff must comply with any specific directions set out
27 by the Court in its discussion of individual claims. Conclusory allegations that a
28 Defendant or group of Defendants have violated a constitutional right are not acceptable,

JDDL-K

- 5 -

1   and will be dismissed.

2   Plaintiff must clearly designate on the face of the document that it is the "First
3   Amended Complaint." The first amended complaint must be retyped or rewritten in its
4   entirety on the court-approved form and may not incorporate any part of the original
5   Complaint by reference. Plaintiff may include only one claim per count.

6   A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet,
7   963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896
8   F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original
9   complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised
10  in the original complaint is waived if it is not raised in a first amended complaint. King,
11  814 F.2d at 567.

12  **VI.  Motion for Production of Documents**

13  On September 22, 2008, Plaintiff filed a Motion for Production of Documents
14  from Defendants. Plaintiff's request for discovery is premature. Defendants have not
15  been served or filed an answer. If Plaintiff files an amended complaint and the Court
16  determines that Plaintiff's claims should go forward, the Court will order service on
17  Defendants. The Court will also issue a scheduling order with deadlines for discovery.
18  At this time, the Court will deny Plaintiff's Motion for Production of Documents as
19  premature.

20  **VII.  Warnings**

21  **A.  Release**

22  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
23  release. Also, within 30 days of his release, he must either (1) notify the Court that he
24  intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to
25  comply may result in dismissal of this action.

26  **B.  Address Changes**

27  Plaintiff must file and serve a notice of a change of address in accordance with
28  Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion

JDDL-K

- 6 -

for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #5) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in

1  compliance with this Order.

2       (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
3  Court must, without further notice, enter a judgment of dismissal of this action with
4  prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

5       (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a
6  civil rights complaint by a prisoner.

7       (6)    Plaintiff's September 22, 2008 Motion for Production of Documents (Doc.
8  #4) is **denied**.

9  DATED this 17th day of October, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge

JDDL-K

- 8 -