WO                                                                                                KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. Bacon, ) | No. CV 08-1673-PHX-GMS (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff's Office, et al., ) | |
| Defendants. ) | |

Plaintiff John R. Bacon, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On October 17, 2008, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend.

Pending before the Court is Plaintiff's October 16, 2008 "Motion for Medical Treatment" (Doc. #8), in which Plaintiff asks that the Court order Defendants to provide Plaintiff with medical care. The Court will construe Plaintiff's Motion as a motion for preliminary injunction.

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and possible irreparable injury. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*); Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); Pratt v. Rowland, 65 F.3d 802, 805 (9th Cir. 1995). Alternately, a party may show that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. Warsoldier,

1  418 F.3d at 994.

2  A party seeking preliminary injunctive relief "must necessarily establish a
3  relationship between the injury claimed in the party's motion and the conduct asserted in
4  the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*)
5  (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged
6  acts in retaliation for filing claim). In other words, Plaintiff must seek injunctive relief
7  related to the merits of his underlying claim. Because there presently is no complaint
8  pending, Plaintiff's request is not properly before the Court at this time. Accordingly, the
9  Court will deny, without prejudice, Plaintiff's Motion for Medical Treatment.

10  **IT IS ORDERED** that Plaintiff's October 17, 2008 Motion for Medical Treatment
11  (Doc. #8) is **denied without prejudice**.

12  DATED this 23rd day of October, 2008.

*/s/ G. Murray Snow*
G. Murray Snow
United States District Judge